# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### DURHAM DIVISION

In Re:

ROBIN VIRGINIA HEINZE,

        Debtor      Case No. 02-83050

## MOTION FOR SANCTIONS

Now comes John A. Northen, Successor Trustee in Bankruptcy for the estate of Robin Virginia Heinze (the "Debtor"), and moves the Court pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure as follows:

1. The Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on September 20, 2002. The case was converted to a Chapter 7 proceeding on October 23, 2007, and Sara A. Conti was appointed as Trustee. John A. Northen (the "Successor Trustee") was appointed as Successor Trustee for the Debtor's estate by order dated June 10, 2009, upon resignation of Sara A. Conti as Trustee.

2. On February 22, 2008, the Trustee filed an Adversary Proceeding (Adversary Proceeding Number 08-9012) pursuant to §363(h) to obtain authorization to liquidate property of the estate which was co-owned with George Laroque ("Laroque"), the former spouse of the Debtor. The Adversary Proceeding was fully contested and following a trial this Court on August 1, 2008, entered an Order and Judgment permitting the Trustee to liquidate the estate assets co-owned with Laroque.

3. On April 16, 2009, this Court entered an Order holding that pursuant to §363(j) the balance of the funds held by the Trustee at that time, $23,590.63 was to be divided equally between the estate and Laroque. In that Order the Court declined to tax Laroque with the Trustee's

attorney's fees and storage costs.    However, the Court specifically held that its holding was "without prejudice to the Trustee seeking such relief in a pleading or motion other than one filed under section 363(j)."

4.  Since the entry of that order the Successor Trustee has completed the liquidation of the co-owned property and now controls $31,551.96 in net sale proceeds, including $4,627.23 which was realized after the Successor Trustee was appointed.    Pursuant to 363(j) Laroque should be entitled to $15,775.98 of the total proceeds currently held in this case.

5.  Proceeding as a *pro se* litigant, Laroque has filed at least eighty-two (82) different pleadings in this bankruptcy case, each of which has unnecessarily burdened the Court, the Trustee, and the Successor Trustee.   The pleadings, which include ten appeals, can only be described as frivolous, burdensome and in bad faith.    Laroque's litigation has forced the Trustee and Successor Trustee to expend unnecessary time and energy responding to indefensible legal positions.   Moreover, the Trustee, Successor Trustee and the Court have been required to hold many hearings on matters that were otherwise settled law.   In fact, nearly one quarter of the docket entries in this case are attributable to pleadings filed by Laroque. The effect of the many unnecessary pleadings is to render this case administratively insolvent.

6.  The Trustee filed a fee application at the close of her administration of this case (Docket # 339).   Her application for compensation totaled $35,868 in attorney's fees and $291.65 in expenses.

7.  The Successor Trustee has not yet filed a fee application in this case, but his current attorneys fees are $2,971.50 and $30.80 in expenses through April 2010.

8.  The legal issues addressed in this bankruptcy case have not been novel or precedent setting.

The sole reason that unsecured creditors will not receive a distribution is because of the frivolous litigation instituted by Laroque.

9.  The Successor Trustee now seeks an Order from this Court authorizing the Trustee to sanction Laroque with costs of his unnecessary litigation.  Pursuant to Bankruptcy Rule 9011(c) a Bankruptcy Court may impose sanctions upon parties that have filed pleadings which are frivolous or are presented with an improper purpose, such as to harass or create unwarranted delay or to increase the costs of litigation.

10. A review of the Rule 9011 jurisprudence finds that the standard for frivolousness is an "obvious lack of merit."   See *Collier*, ¶ 9011.04[5].   Courts have concluded that a motion for sanctions will be entertained even if only portion of a filing is frivolous. See, *Paterson v. Aiken*, 841 F. 2d 386 (11th Cir., 1988). While Courts do consider the problems associated with *pro se* litigation, these litigants can be sanctioned under this provision. See, *Collier*, ¶ 9011.04[2][b].

11. A pleading may be well-grounded in the law but still sanctionable, if presented for an improper purpose.   Rule 9011 specifically enumerates the following as improper purposes: to harass another litigant, to delay litigation and to increase the costs of litigation, but this list is not exhaustive and a court may find that another motive is improper and accordingly sanction a party. See, *Chu v. Griffith*, 771 F. 2d 79 (4th Cir., 1985).   In determining whether the motivation for a filing is improper, courts have employed an objective test.  *Lieb v. Topstone Industries, Inc.*, 788 F. 2d 151, 157 (3rd Cir., 1986). In employing this test a court may infer motivation from the consequences of the pleading. In *Aetna Life Ins. Co., v. Alla Med Servs., In*c. 855 F. 2d 1470, 1476 (9th Cir., 1988), the Court held that sanctions may be considered where the pleadings show a "persistent pattern

of clearly abusive litigation."

12. Laroque filed a response and/or objection to virtually every single motion filed by the Trustee. Despite the fact that he has lost virtually every legal argument he has advanced, he has continued to file objections and responses which echo previous pleadings in which he did not prevail. Moreover, he has appealed many of this Court's rulings to the United States District Court for the Middle District of North Carolina and when he failed to prevail there has filed appeals to the Fourth Circuit Court of Appeals.

13. The legal positions advocated by Laroque have not been novel and the underlying bankruptcy case has, but for Laroque's litigation, been a straightforward liquidation of personal property. The sole reason that the Successor Trustee will not make a distribution to unsecured creditors is the fruitless litigation initiated and doggedly pursued by Laroque. This Court can conclude that the motivation behind Laroque's litigation has been a laundry list of improper purposes—to harass, to delay and to increase the costs of litigation.

14. Attached at Exhibit A is an affidavit and supporting documents provided by the Trustee which itemize the attorney's fees and administrative expenses incurred by the Trustee. The Successor Trustee takes the position that Exhibit A provides stark evidence that the Laroque's pleadings have been both frivolous and grounded in improper motives.

15. The Successor Trustee therefore urges this Court to sanction Laroque pursuant to Rule 9011 for his litigation in this case, and to permit the Successor Trustee to retain the full amount of the sales proceeds now under his control for distribution pursuant to further orders from this Court.

Wherefore, the Successor Trustee prays that the Court enter an Order pursuant to Rule 9011

sanctioning Laroque with the entirety of the sales proceeds that he would otherwise be entitled to under §363(j).

.

RESPECTFULLY submitted this the 4th day of June, 2010.

NORTHEN BLUE, L.L.P.
s/ Stephanie Osborne-Rodgers
John A. Northen, NCSB #6789
Stephanie Osborne-Rodgers, NC SB #29374
Attorney for the Trustee
Post Office Box 2208
Chapel Hill, NC   27515-2208
Telephone:   919-968-4441

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing was duly served upon the following parties by 1) automatic electronic service, or 2) depositing same enclosed in a post paid, properly addressed envelope in a Post Office or official depository under the exclusive care and custody of the United States Postal Service:

Michael D. West
Bankruptcy Administrator
Post Office Box 1828
Greensboro, NC   27402

George Paul Laroque
c/o Interfaith Community Counsel
110 West Main Street
Carrboro, NC   27510

Law Offices of John T. Orcutt
Obo Debtor Robin Heinze
postlegal@johnorcutt.com

This the 4th day of June, 2010.

NORTHEN BLUE,L.L.P.
 s/ Stephanie Osborne-Rodgers
Stephanie Osborne-Rodgers, NCSB #29374
Post Office Box 2208
Chapel Hill, NC   27515-2208
Telephone:   919-968-4441