IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| GEORGE PAUL LAROQUE, | ) |
| Appellant, | ) |
| v. | ) 1:09CV908 |
| | ) 1:09CV909 |
| SARA A. CONTI, | ) 1:09CV910 |
| Appellee. | ) |

MEMORANDUM ORDER AND JUDGMENT

This matter is before the Court on Mr. Laroque's "Ex Parte Motion to Continue/Enlargement of Time/Stay/and to Consolidate." [Dock. # 10]. For the following reasons, Mr. Laroque's motion is DENIED, and Mr. Laroque's appeals are DISMISSED.

I.

Mr. Laroque has filed numerous appeals from various rulings of the Bankruptcy Court related to In re Heinze, Bankr. Case No. 02-83050. Most recently, Mr. Laroque filed three appeals which were consolidated by order of this Court on September 2, 2010. [Dock. # 9]. In relation to those appeals, Mr. Laroque, as appellant, was required to serve and file a brief within fifteen days after entry of the appeals on the docket. Fed. R. Bankr. P. 8009(1); see also Dock. #7. On September 2, 2010, Mr. Laroque was given an additional fifteen days to file his briefs with respect to each appeal (Case no. 09cv908, 09cv909, and

09cv910) in accordance with Fed. R. Bankr. P. 8009(a)(1). [Dock. #9]. On September 14, 2010, Mr. Laroque filed a document entitled "Ex Parte Motion to Continue/Enlargement of Time/Stay/and to Consolidate", seeking a continuance "pending a final judgment in the Bankruptcy Court, and/or the certified transmittal of record being complete in these matters." [Dock. # 10].

II.

"When an act may or must be done within a specified time, the court may, for good cause, extend the time." FED. R. CIV. P. 6(b). See also M.D.N.C. LR 6.1 ("All motions for an extension of time to perform an act required or allowed to be done within a specified time must comply with Fed. R. Civ. P. 6(b)"); FED. R. BANKR. P. 9006(b) ("[W]hen an act is required or allowed to be done at or within a specified period . . . the court for cause shown may at any time in its discretion . . . order the period enlarged"). Mr. Laroque has failed to provide good cause for his motion. The court will therefore deny his motion.

III.

In addition, Mr. Laroque's appeals will be dismissed. A district court has within its discretion the power to dismiss an appellant for not complying with the procedural requirements of the bankruptcy rules. Fed. R. Bankr. P. 8001(a). The Fourth Circuit has held that, when considering dismissal of a bankruptcy appeal on procedural grounds, a district court must:

1. Make a finding of bad faith or negligence;
2. Give the appellant notice and an opportunity to explain the delay;

2

> 3. Consider ... any possible prejudicial effect on the other parties; or
> 4. Indicate that it considered the impact of the sanction and available alternatives.

<u>Serra Builders, Inc. v. John Hanson Savs. Bank FSB</u>, 970 F.2d 1309, 1311 (4th Cir. 1992); <u>accord</u> <u>Resolution Trust Corp. v. SPR Corp.</u>, 45 F.3d 70, 73 (4th Cir. 1995) (holding that all four factors should be considered before dismissing a case). Here, there is ample justification for dismissing Mr. Laroque's appeal on procedural grounds. Mr. Laroque was first notified on December 1, 2009 that his brief was due, and he sought an extension without providing a statement of good cause. That extension was denied on July 22, 2010. Recently, however, Mr. Laroque was given an additional fifteen days to file his brief. In response, Mr. Laroque sought another extension of time, seeking to delay his appeals "pending a final judgment in the Bankruptcy Court." [Dock. # 10]. Mr. Laroque continues to disregard his obligations with no basis under the rules of procedure.

Bad faith can be inferred from Mr. Laroque's failure to submit the proper briefs in connection with his recent appeals and the fact that the appeals at issue have no basis. The Bankruptcy Court denied two objections and a "Motion to Take Judicial Notice" filed by Mr. Laroque because Mr. Laroque failed to appear at the hearing in which they were addressed. On these denials, Mr. Laroque appealed.

Mr. Laroque's continued requests are further attempts at delaying the bankruptcy appeal and have an extremely prejudicial effect on the other parties. Continuing to draw out the appeal process through frivolous appeals has resulted in

considerable delay and expense to the bankruptcy estate, and by extension, to various creditors. Although lesser sanctions are available, dismissal of the case is the only effective sanction given Mr. Laroque's continued refusal to respond to the opportunities provided him by the Court.

IV.

**IT IS THEREFORE ORDERED** that Mr. Laroque's Ex Parte Motion to Continue/Enlargement of Time/Stay/and to Consolidate [Doc. # 10] be **DENIED,** and that the appeals in this matter are **DISMISSED WITH PREJUDICE.**

This is the 27th of September, 2010.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge

A True Copy
Teste:
John S. Brubaker, Clerk
By:
Deputy Clerk

4